**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Kenneth Williams,

        Case Number 14-12755

   Plaintiff,

vs.         District Judge Marianne O. Battani

Thomas Birkett, et al,         Magistrate Judge Mona K. Majzoub

   Defendants.
_____/

**ORDER DENYING PLAINTIFF'S REQUEST**
**FOR APPOINTMENT OF COUNSEL (DOCKET NO. 7)**

This is a prisoner civil rights complaint brought under 42 U.S.C. § 1983. Before the Court is Plaintiff's Motion for Appointment of Counsel (docket no. 6). This Court believes that appointment of counsel at this stage of the litigation is unwarranted.

Appointment of counsel for prisoners proceeding *in forma pauperis* is governed by 28 U.S.C. § 1915, which states that "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The Sixth Circuit has stated:

> Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances. In determining whether 'exceptional circumstances' exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved.

*Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993) (internal quotations and citations omitted). *See also Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996) (citing Charles R. Richey, Prisoner Litigation in the United States Courts 75 (1995)("'Prisoners have no statutory right to counsel in civil rights cases. Instead, the appointment of counsel is within the court's discretion.'"). At this time, the Court declines to exercise its discretion to appoint counsel to represent Plaintiff.

Plaintiff has adequately alleged the claims forming the basis of this § 1983 lawsuit indicating his basic understanding of the legal process. Accordingly, Plaintiff William's Motion for Appointment of Counsel is DENIED without prejudice.

**IT IS SO ORDERED.**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: December 9, 2014          s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Kenneth Williams and Counsel of Record on this date.

Dated: December 9, 2014          s/ Lisa C. Bartlett
                                 Case Manager