UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**KENNETH WILLIAMS,**

    Plaintiff,                                    CIVIL ACTION NO. 14-12755

vs.                                         DISTRICT JUDGE MARIANNE O. BATTANI

                                             MAGISTRATE JUDGE MONA K. MAJZOUB

**THOMAS BIRKETT, et al.,**

    Defendants.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO AMEND/SUPPLEMENT COMPLAINT AS A MATTER OF COURSE [26], DENYING PLAINTIFF'S MOTION TO RECUSE ATTORNEY KEVIN R. HIMBAUGH AND THE ATTORNEY GENERAL'S OFFICE FOR CONFLICT OF INTEREST [28], AND GRANTING PLAINTIFF'S MOTION TO AMEND PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [31]**

Before the Court are Plaintiff's Motion to Amend/Supplement the Complaint as a Matter of Couse (docket no. 26), Plaintiff's Motion to Recuse Attorney Kevin R. Himebaugh and the Attorney General's Office for Conflict of Interest (docket no. 28), and Plaintiff's Motion to Amend Plaintiff's Response to Defendants' Motion for Summary Judgment and Qualified Immunity (docket no. 31).[1]  All pretrial matters have been referred to the undersigned for consideration.  (Docket no. 11.)  The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e).  The Motions are now ready for ruling.

**I.    Background**

---

[1] Also pending before the Court are Plaintiff's Motion for Immediate Consideration of Plaintiff's Requested Injunctive Relief (docket no. 8) and Defendants Balcarcel and Pung's Motion for Summary Judgment (docket no. 24).  These matters have been addressed in a Report and Recommendation entered concurrently with this Opinion and Order.

1

Plaintiff Kenneth Williams, currently a prisoner at the Carson City Correctional Facility (CCF) in Carson City, Michigan, filed this action under 42 U.S.C. §§ 1983 against Defendants Thomas Birkett (Warden of the Central Michigan Correctional Facility (STF)), Patricia Caruso (former director of the MDOC), E. Balcarcel (Deputy Warden at STF), Valsicol Chemical Corporation (owner of a chemical plant located in St. Louis, MI), Jennifer Granholm (former Governor of the State of Michigan), R. Pung (a Resident Unit Manager at STF), the Michigan Department of Corrections, Dr. Scott Holmes (a physician at CCF), Victoria Merren (a PA at CCF), and Corizon Health.[2]  (Docket no. 1.)   Plaintiff alleges through his Count I that while he was incarcerated at STF, Defendants Birkett, Balcarcel, and Pung violated his Eighth Amendment rights when he was forced to drink water exposed to contamination caused by former Defendant Valsicol.[3]  Plaintiff alleges through his Count II that Defendants Holmes, Merren, and Corizon delayed in providing him adequate medical care related to a tumor on his leg, also in violation of the Eighth Amendment.

In his Complaint, Plaintiff alleges that while he was confined at STF from November of 2004 through June of 2009, he began to notice that his "health was deteriorating due to the foul drinking water."  (Docket no. 1 at 7.)   He claims that he was informed by other prisoners that the water was contaminated, so he started researching the issue in 2010.  Plaintiff asserts that he discovered through his research that the land on which the prison now sits used to be farm land, but the livestock on the land all became sick due to contaminated soil caused by Velsicol's use of the

---

[2] On October 15, 2014, the Court dismissed Defendants MDOC, Valsicol Chemical Corporation, Patricia Caruso, and Jennifer Granholm under 28 U.S.C. § 1915(e)(2).

[3] In the Report and Recommendation filed concurrently with this Opinion and Order, the Court has recommended that Plaintiff's claims against Defendants Balcarcel and Pung be dismissed.   Defendant Birkett has not yet been served.

2

land from 1936 through 1978. Plaintiff refers to a series of chemicals and other contaminants that are allegedly "known" to be in the local water supply, including the local Pine River. (*Id.* at 7-8.)

Plaintiff was transferred from STF to CCF in May of 2011. He alleges that in November of 2012, he discovered a large mass on the back of his thigh. After an X-ray, ultrasound, and MRI, doctors determined that he had a tumor "the size of a small football," which Plaintiff contends "had obviously been growing for a while" due to the size. (*Id.* at 8.) He further alleges that the tumor, his surgery to remove it, and the resulting recovery were all very painful. (*Id.*) Additionally, Plaintiff claims, some of the St. Louis citizens (and some rodents on which the water was tested) also had tumors, and because of the contamination, the city provides bottled water for schools. (*Id.* at 8-9.) And he asserts that his family saw a sign posted in the visiting area of STF notifying the public "to consume the St. Louis water at their own risk." (*Id.* at 9.)

Plaintiff alleges that he "suffered mentally" because he was forced to consume the contaminated water, which he knew could lead to cancer. He adds that he will also have to take pain medication for the rest of his life due to the pain in his leg. And he asserts that Defendants Birkett, Balcarcel, and Pung, along with several of the previously dismissed defendants, were aware of the problems with the water. (*Id.*)

With regard to his second claim, Plaintiff alleges that his leg began to swell up in November of 2012 and that he notified the CCF health-care department in February of 2013. He claims that he first met with two nurses who referred him to see Defendant Merren. Plaintiff alleges that he told Defendant Merren that his family had a history of cancer, but she told him that the swelling on his leg was due to a pulled muscle. Plaintiff maintains that he continued to complain about the swelling for six months until a grievance resulted in an X-ray ordered by

3

Defendant Holmes on July 30, 2013. (Docket no. 1 at 11.)

Plaintiff alleges that a month later, he was called out by Defendant Holmes who told him that he was unable to provide a diagnosis, so he was sending Plaintiff out for an ultrasound. Plaintiff had the ultrasound on or about October 3, 2013, which revealed a tumor in his leg. Plaintiff had a consultation with a surgeon on December 4, 2013, at which time he was informed that some of his pain was likely caused by the tumor pressing on nerves in his leg. Plaintiff alleges that between the times of his consultation and when he ultimately had the tumor removed on January 23, 2014, Defendants Merren and Holmes would only give him 400mg Ibuprofen and 325mg Asprin for his pain. He contends that the failure to properly diagnose his tumor and the resulting pain amounts to deliberate indifference in violation of the Eighth Amendment. (*Id.* at 12.)

**II.     Analysis**

    **A.     Plaintiff's Motion to Amend**

Plaintiff seeks to amend his Complaint with regard to his Claim II as a matter of course under Fed. R. Civ. P. 15(a)(1)(B) and add Dr. Daniel Carrel as a defendant in this matter. (Docket no. 26.) Under Rule 15, a party may amend a pleading as a matter of course (a) within 21 days of serving it; or (b) within 21 days after service of a responsive pleading, or within 21 days of service of a motion under Fed. R. Civ. P. 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). Plaintiff filed his Complaint on July 15, 2014. (Docket no. 1.) Defendants Merren, Holmes, and Corizon (the Defendants in Claim II) filed an Answer on January 29, 2015. (Docket no. 22.) Thus, to take advantage of Rule 15(a)(1), Plaintiff was required to serve his Amended Complaint no later than February 19, 2015. Although filed by the Court on March 2, 2015, Plaintiff certified

4

that he served Defendants with a copy of his Motion on February 17, 2015. (Docket no. 26 at 3.) Therefore, the Court will grant his Motion. Dr. Daniel Carrel will be added as a Defendant in this matter. Although Plaintiff included factual allegations related to Claim II in his Motion, the Court will order Plaintiff to file his Amended Complaint by June 1, 2015. Plaintiff must also serve Dr. Carrel with a copy of the Amended Complaint pursuant to the Federal Rules of Civil Procedure or file an appropriate motion requesting service by the Court.

### B. Plaintiff's Motion to Recuse Defense Counsel

Through his Motion to Recuse, Plaintiff argues that Defendants' attorney, Kevin R. Himebaugh, and the Michigan Attorney General's Office should be barred from representing Defendants in this matter because Plaintiff has filed a criminal complaint with the Attorney General's Office against "several M.D.O.C. corrections officers, staff, and Assistant Attorney General Michael R. Dean for Assault & Battery, Retaliation, harassment, and Federal Witness Tampering." (Docket no. 28 at 1.) Plaintiff contends that there is an inherent conflict of interest where the Attorney General's Office should be investigating the same individuals that they are representing in this matter. Defendants have not filed a response.

This Court has previously addressed a similar argument:

> Whether defendants are entitled to representation by the Michigan Attorney General is a matter of both state law and the contract between the State and its employees. *Cf. Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) ("[I]t is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law."). Absent an independent basis upon which to disqualify the Attorney General applicable to all attorneys, such as a conflict of interest, this Court has no power to prevent the Attorney General from representing defendants and plaintiff has no standing to challenge that representation. *See O'Connor v. Jones*, 946 F.2d 1395, 1399-1400 (8th Cir.1991); *Manchester v. Rzewinicki*, 777 F.Supp. 319, 325, 328 (D.Del.1991), aff'd, 958 F.2d 364 (3d Cir.1992) (unpub.); 7 Am.Jur.2d *Attorney General* § 24 (1997) ("It is generally

> acknowledged that the attorney general is the proper party to determine the necessity and advisability ... of defending actions against the state or its officials [.]"). The mere allegation that defendants violated plaintiff's constitutional and statutory rights does not establish a conflict of interest.

*Harrison v. Burt*, No. 07-11412, 2008 WL 4104105 (E.D. Mich. Aug. 28, 2008) (Komives, M.J.). In the instant matter, Plaintiff claims that he "has a criminal complaint" pending with the AG's office alleging that Defendants violated his constitutional rights and various criminal laws. Nevertheless, this "complaint" is nothing more than an allegation. And as Magistrate Judge Komives reasoned, such an allegation does not create a conflict of interest. Therefore, the Court will deny Plaintiff's Motion.

### C. Plaintiff's Motion to Amend Plaintiff's Response to Defendants' Motion for Summary Judgment and Qualified Immunity.

In his Motion to Amend, Plaintiff seeks to add two exhibits to his Response to Defendants' pending Motion for Summary Judgment. (Docket no. 31.) While the additional exhibits were not a factor in the Court's recommendation regarding Defendants' Motion, the Court did review the exhibits when making its determination. Therefore, the Court will grant Plaintiff's Motion to Amend.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend [26] is **GRANTED**. The Amended Complaint must be filed by **June 1, 2015**. Dr. Daniel Carrel will be added as a Defendant in this matter. Plaintiff must serve Dr. Carrel with a copy of the Amended Complaint pursuant to the Federal Rules of Civil Procedure or file an appropriate motion requesting service by the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Recuse Attorney Kevin Himebaugh and the Attorney General's Office for Conflict of Interest [28] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend Plaintiff's Response to Defendants' Motion for Summary Judgment or Qualified Immunity [31] is **GRANTED**.

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated:  May 12, 2015            s/ Mona K. Majzoub
                                               MONA K. MAJZOUB
                                               UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served on counsel of record and on Plaintiff Kenneth Williams on this date.

Dated:  May 12, 2015            s/ Lisa C. Bartlett
                                               Case Manager