UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH WILLIAMS,

    Plaintiff,                            CIVIL ACTION NO. 14-12755

vs.                                      DISTRICT JUDGE MARIANNE O. BATTANI

                                        MAGISTRATE JUDGE MONA K. MAJZOUB

THOMAS BIRKETT, et al.,

    Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO AMEND AND FOR THE COURT TO SERVE COMPLAINT [38] AND STRIKING PLAINTIFF'S AMENDED COMPLAINT [39]

Plaintiff Kenneth Williams, currently a prisoner at the Carson City Correctional Facility (CCF) in Carson City, Michigan, filed this action under 42 U.S.C. §§ 1983 against Defendants Thomas Birkett (Warden of the Central Michigan Correctional Facility (STF)), Patricia Caruso (former director of the MDOC), E. Balcarcel (Deputy Warden at STF), Valsicol Chemical Corporation (owner of a chemical plant located in St. Louis, MI), Jennifer Granholm (former Governor of the State of Michigan), R. Pung (a Resident Unit Manager at STF), the Michigan Department of Corrections, Dr. Scott Holmes (a physician at CCF), Victoria Merren (a PA at CCF), and Corizon Health.[1]  (Docket no. 1.)

On May 12, 2015, the Court granted Plaintiff's Motion to Amend (docket no. 26), wherein Plaintiff requested permission to file an Amended Complaint adding claims against Dr. Daniel

---

[1] On October 15, 2014, the Court dismissed Defendants MDOC, Valsicol Chemical Corporation, Patricia Caruso, and Jennifer Granholm under 28 U.S.C. § 1915(e)(2). The undersigned has also recommended the dismissal of Plaintiff's claims against Defendants Balcarcel and Pung.  (Docket no. 34.)   Defendant Birkett has not yet been served.

1

Carrel as a matter of course under Fed. R. Civ. P. 15(a)(1). (Docket no. 33.) Because Plaintiff had not filed a proposed amended complaint with his Motion, the Court ordered Plaintiff to file his Amended Complaint no later than June 1, 2015. (*Id.* at 4-5.) The Court also noted that Plaintiff would be required to serve Dr. Carrel with his Amended Complaint or request that the Court effectuate service. (*Id.* at 5.)

On June 3, 2015, Plaintiff filed two documents with the Court: (1) a Motion to Amend and for the Court to Serve Complaint (docket no. 38); and (2) his Amended Complaint (docket no. 39). In his Amended Complaint, Plaintiff adds the claims against Dr. Carrel in Count II, but he also adds 11 paragraphs of factual allegations related to Defendants Birkett, Balcarcel, and Pung in Count I. (Docket no. 39 at 6-7.) These additional allegations are outside the scope of the motion initially granted by the Court. Plaintiff acknowledges these additional changes in his Motion to Amend and for the Court to Serve Complaint. Plaintiff notes that any changes related to Defendant Birkett are made pursuant to Fed. R. Civ. P. 12(a)(1)(A) because Defendant Birkett has not yet been served, but he also notes that "the amended language in the amended complaint and added State Law/Tort Claims would also affect the remaining Defendants, Dr. Holmes, Merren, Pung, and Balcarcel." (Docket no. 38 at 1-2.)

As the Court discussed in granting Plaintiff's initial motion, "to take advantage of Rule 15(a)(1), Plaintiff was required to serve his Amended Complaint no later than February 19, 2015." (Docket no. 33 at 4.) Because these additional changes were not requested until Plaintiff filed his Amended Complaint on June 3, 2015, Plaintiff's amendments are untimely. Moreover, to the extent that Plaintiff would request leave to amend under Fed. R. Civ. P. 15(a)(2), "[a] party seeking to amend . . . must act with due diligence if it intends to take advantage of [Rule 15's]

2

liberality." *Saginaw Chippewa Indian Tribe of Michigan v. Granholm*, 05-10296, 2008 WL 4808823, at *8 (E.D. Mich. Oct. 22, 2008) (Ludington, J.) (internal quotation omitted). "A court may deny leave to amend when a party unnecessarily delayed in seeking amendment, thereby []causing prejudice to the other party or unduly delaying the litigation." *Id*. (citation omitted). Defendants Pung and Balcarcel have already filed a Motion to Dismiss, which the undersigned has recommended be granted. Thus, Plaintiff's amendments related to Count II are unduly prejudicial, and his Motion to Amend will be denied. The Court will also strike Plaintiff's Amended Complaint and deny his requests to serve the same. Plaintiff must file an Amended Complaint that conforms with his initial Motion to Amend no later than June 26, 2015.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend and for the Court to Serve Complaint [38] is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Amended Complaint [39] is stricken from the docket in this matter.

**IT IS FURTHER ORDERED** that pursuant to the Court's May 12, 2014 Opinion and Order, Plaintiff's Amended Complaint must be filed by **June 26, 2015**. Dr. Daniel Carrel will be added as a Defendant in this matter. Plaintiff must serve Dr. Carrel with a copy of the Amended Complaint pursuant to the Federal Rules of Civil Procedure or file an appropriate motion requesting service by the Court.

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: June 4, 2015         s/ Mona K. Majzoub
                            MONA K. MAJZOUB
                            UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

      I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: June 4, 2015         s/ Lisa C. Bartlett
                            Case Manager

4