UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH WILLIAMS,

    Plaintiff,

v.

THOMAS BIRKETT, et al.,

    Defendants.

_____/

CASE NO. 2:14-cv-12755

HON. MARIANNE O. BATTANI

**OPINION AND ORDER OVERRULING THE PLAINTIFF'S OBJECTIONS
AND ADOPTING THE REPORT AND RECOMMENDATION**

**I. INTRODUCTION**

Plaintiff Kenneth Williams, an inmate currently incarcerated at the Macomb Correctional Facility, filed this action on July 15, 2014, alleging that the Michigan Department of Corrections ("MDOC") and various MDOC employees violated 42 U.S.C. § 1983 during his incarceration at the Central Michigan Correctional Facility ("STF") located in St. Louis, Michigan. Count I of Plaintiff's complaint stems from his allegations that he was forced to consume drinking water purportedly contaminated with chemicals resulting from the past operation of a chemical plant in the vicinity of the prison grounds. As a result of his exposure to the contaminants, Plaintiff avers that he developed a large tumor on his leg. Count II of the complaint concerns the allegedly inadequate and unreasonably delayed medical attention Plaintiff received for this tumor, which required surgical removal. Plaintiff seeks partial relief through a motion for preliminary injunction that he either be released from prison or transferred to another facility outside MDOC

jurisdiction.  On December 8, 2014, the Court referred this matter to Magistrate Judge Mona K. Majzoub for all pretrial proceedings.  (See Doc. No. 11.)

Before the Court are the Plaintiff's objections to Magistrate Judge Majzoub's May 12, 2015, Report and Recommendation ("R&R").  (Doc. 37.)  In the R&R (Doc. 34), the Magistrate Judge recommended that the Court grant the motion for summary judgment filed by Defendants E. Balcarcel, Deputy Warden at STF, and R. Pung, Resident Unit Manager at STF (Doc. 24), and deny Plaintiff's motion for preliminary injunction (Doc. 8).  For the reasons that follow, the Court **OVERRULES** the Plaintiff's objections and **ADOPTS** the R&R.

## II.     STATEMENT OF FACTS

As Plaintiff has not objected to the R&R's recitation of the facts, the Court adopts that portion of the R&R.  (See Doc. 34, pp. 2-4.)

## III.    STANDARD OF REVIEW

### A.  Objections to a Magistrate Judge's R&R

A district court must conduct a *de novo* review of the parts of a magistrate judge's report and recommendation to which a party objects.  28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge.  Id.  The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure."  United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985).  Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[ ] that the district judge would be the

2

final arbiter" of a matter referred to a magistrate. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

The Sixth Circuit has made clear that "[o]verly general objections do not satisfy the objection requirement." Spencer v. Bouchard, 449 F.3d 721, 725 (6th Cir. 2006). Only specific objections are entitled to *de novo* review; vague and conclusory objections amount to a complete failure to object, as they are not sufficient to pinpoint those portions of the R&R that are legitimately in contention. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir.1986) (per curiam). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." Spencer, 449 F.3d at 725 (quoting Miller, 50 F.3d at 380).

### B. Summary Judgment Standard

Summary judgment is appropriately rendered "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Redding v. St. Eward, 241 F.3d 530, 532 (6th Cir. 2001). The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." State Farm Fire & Cas. Co. v. McGowan, 421 F.3d 433, 436 (6th Cir. 2005) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light

most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

### C. Preliminary Injunction Standard

The purpose of a preliminary injunction is to preserve the relative positions of the parties until such time that a resolution on the merits can be achieved. Univ. of Tex. v. Camenisch, 451 U.S. 390, 395 (1981). In determining whether to grant a motion for preliminary injunction, a court must consider four factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction. Certified Restoration Dry Cleaning Network v. Tenke Corp., 511 F.3d 535, 542 (6th Cir. 2007). "These four considerations are 'factors to be balanced, not prerequisites that must be met.'" Id. (citing Jones v. Monroe, 341 F.3d 474, 476 (6th Cir 2003)). While it is not necessary for a district court to make findings on each of these factors, the Sixth Circuit has noted that it is often useful to do so. Id.

## IV. DISCUSSION

### A. Defendants E. Balcarcel and R. Pung's Motion for Summary Judgment

The R&R recommended granting Defendants Balcarcel and Pung's motion for summary judgment because Plaintiff failed to establish that these Defendants implicitly authorized, approved, or knowingly acquiesced in any of the wrongful conduct set forth in Count I. Specifically, the R&R notes that Plaintiff's complaint contains no allegations regarding Balcarcel's and Pung's personal involvement beyond stating that "at all times, [Defendants Balcarcel and Pung were] aware of this situation whereas [sic] prisoners

4

are being forced to consume this contaminated water under the care of the [MDOC]." (See Doc. 34, p. 7.)  The Magistrate Judge also observed that the extent of these two Defendants' personal involvement was Pung's part in the grievance process related to Plaintiff's claims, which cannot be used to impose liability under Section 1983.

In his brief objecting to the R&R, Plaintiff contends that he attested in his affidavit to Balcarcel's and Pung's involvement but that the Magistrate Judge's R&R failed to take that affidavit into consideration.  With respect to Balcarcel and Pung specifically, this affidavit alleges nothing more than that Plaintiff discussed his concerns about the water with these Defendants on several occasions and that they were present at a guest speaker's presentation regarding contaminants in the drinking water.  (Doc. 25, Ex. A.)  As discussed in the R&R, a plaintiff must show that "the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it.  At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate."  Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984) (citing Hays v. Jefferson County, 668 F.2d 869, 872-74 (6th Cir. 1982)).  Simply bringing offensive conduct or another problem to a prison supervisory official's attention is insufficient to support § 1983 liability.  Id.  Furthermore, neither the denial of administrative grievances nor the failure to act by prison officials will subject supervisors to liability under § 1983.  Grinter v. Knight, 532 F.3d 567, 576 (6th Cir. 2008) (quoting Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999)).  Because Plaintiff has not alleged any affirmative misconduct on the parts of Balcarcel and Pung beyond their mere knowledge of the contaminated water and Pung's denial of a Step I grievance, he has

failed to state a claim against these two Defendants. Accordingly, the Court agrees that summary judgment should be granted in favor of Balcarcel and Pung.

### B. Plaintiff's Motion of Preliminary Injunction

Plaintiff appears to have waived the objections to the R&R with respect to his motion for preliminary injunction, as he included the following notice to the Court in his brief: "Please disregard Plaintiff's previous request for Preliminary Injunctive relief, Plaintiff no longer request[s] this Preliminary Injunctive Relief."  (Doc. 37, p. 4.)  At any rate, even considering the affidavits Plaintiff offers in support of his claim, his objections lack merit, as he has not demonstrated any likelihood of success on the merits.  The Court agrees with the conclusions set forth in the R&R.

### V.  CONCLUSION

For the foregoing reasons, the Court **OVERRULES** the Plaintiff's objections and **ADOPTS** the R&R granting Defendants' motion for summary judgment and denying Plaintiff's motion for preliminary injunction.

**IT IS SO ORDERED.**

Date:     August 18, 2015               s/Marianne O. Battani
                                         MARIANNE O. BATTANI
                                         United States District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on August 18, 2015.

                                         s/ Kay Doaks
                                         Case Manager