**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**KENNETH WILLIAMS,**

    Plaintiff,                        **CIVIL ACTION NO. 14-12755**

vs.                                **DISTRICT JUDGE MARIANNE O. BATTANI**

                                       **MAGISTRATE JUDGE MONA K. MAJZOUB**

**THOMAS BIRKETT, et al.,**

    Defendants.
_____/

## ORDER STRIKING PLAINTIFF'S AMENDED COMPLAINT [49]

Plaintiff Kenneth Williams, currently a prisoner at the Carson City Correctional Facility (CCF) in Carson City, Michigan, filed this action under 42 U.S.C. §§ 1983 against Defendants Thomas Birkett (Warden of the Central Michigan Correctional Facility (STF)), Patricia Caruso (former director of the MDOC), E. Balcarcel (Deputy Warden at STF), Valsicol Chemical Corporation (owner of a chemical plant located in St. Louis, MI), Jennifer Granholm (former Governor of the State of Michigan), R. Pung (a Resident Unit Manager at STF), the Michigan Department of Corrections, Dr. Scott Holmes (a physician at CCF), Victoria Merren (a PA at CCF), and Corizon Health.[1]  (Docket no. 1.)

On May 12, 2015, the Court granted Plaintiff's Motion to Amend (docket no. 26), wherein Plaintiff requested permission to file an Amended Complaint adding claims against Dr. Daniel Carrel as a matter of course under Fed. R. Civ. P. 15(a)(1). (Docket no. 33.) Because Plaintiff

---

[1] On October 15, 2014, the Court dismissed Defendants MDOC, Valsicol Chemical Corporation, Patricia Caruso, and Jennifer Granholm under 28 U.S.C. § 1915(e)(2). On August 18, 2015, the Court dismissed Plaintiff's claims against Defendants Balcarcel and Pung. (Docket no. 44.) Defendant Birkett has not yet been served.

1

had not filed a proposed amended complaint with his Motion, the Court ordered Plaintiff to file his Amended Complaint no later than June 1, 2015. (*Id.* at 4-5.) The Court also noted that Plaintiff would be required to serve Dr. Carrel with his Amended Complaint or request that the Court effectuate service. (*Id.* at 5.)

On June 3, 2015, Plaintiff filed two documents with the Court: (1) a Motion to Amend and for the Court to Serve Complaint (docket no. 38); and (2) his Amended Complaint (docket no. 39). In his Amended Complaint, Plaintiff added the claims against Dr. Carrel in Count II, but he also adds 11 paragraphs of factual allegations related to Defendants Birkett, Balcarcel, and Pung in Count I. (Docket no. 39 at 6-7.) And he in addition to the factual allegations in his original Motion to Amend with regard to Count II, Plaintiff added a claim for "violat[ions of] state law of Negligence and Intentional Influction of Emotional Distress" against Defendants Holmes, Merren, Corizon, and Carrel. (*Id.* at 12.) These additional allegations are outside the scope of the motion initially granted by the Court. Plaintiff acknowledges these additional changes in his Motion to Amend and for the Court to Serve Complaint. Plaintiff notes that any changes related to Defendant Birkett are made pursuant to Fed. R. Civ. P. 12(a)(1)(A) because Defendant Birkett has not yet been served, but he also notes that "the amended language in the amended complaint and added State Law/Tort Claims would also affect the remaining Defendants, Dr. Holmes, Merren, Pung, and Balcarcel." (Docket no. 38 at 1-2.)

On June 4, 2015, the Court struck Plaintiff's Amended Complaint, noting as follows:

As the Court discussed in granting Plaintiff's initial motion, "to take advantage of Rule 15(a)(1), Plaintiff was required to serve his Amended Complaint no later than February 19, 2015." (Docket no. 33 at 4.) Because these additional changes were not requested until Plaintiff filed his Amended Complaint on June 3, 2015, Plaintiff's amendments are untimely. Moreover, to the extent that Plaintiff would request leave to amend under Fed. R. Civ. P. 15(a)(2), "[a] party seeking to amend

2

> . . . must act with due diligence if it intends to take advantage of [Rule 15's] liberality." *Saginaw Chippewa Indian Tribe of Michigan v. Granholm*, 05-10296, 2008 WL 4808823, at *8 (E.D. Mich. Oct. 22, 2008) (Ludington, J.) (internal quotation omitted).  "A court may deny leave to amend when a party unnecessarily delayed in seeking amendment, thereby []causing prejudice to the other party or unduly delaying the litigation." *Id.* (citation omitted). Defendants Pung and Balcarcel have already filed a Motion to Dismiss, which the undersigned has recommended be granted.  Thus, Plaintiff's amendments related to Count II are unduly prejudicial, and his Motion to Amend will be denied.  The Court will also strike Plaintiff's Amended Complaint and deny his requests to serve the same. Plaintiff must file an Amended Complaint that conforms with his initial Motion to Amend no later than June 26, 2015.

(Docket no. 40.)

Plaintiff failed to file a corrected Amended Complaint by the June 26, 2015 deadline, so the Court ordered Plaintiff to show cause for his failure to do so.  (Docket no. 42.)  On August 28, 2015, Plaintiff filed another Amended Complaint.  (Docket no. 49.)  This new Amended Complaint cures the defect in his June 3, 2015 Amended Complaint with regard to Count I, but the new Amended Complaint still contains the new state-law claims against Defendants Holmes, Merren, Corizon, and Dr. Carrel in Count II.  (*See id.* at 10.)

As discussed, in his initial Motion to Amend, Plaintiff requested that the Court permit him to amend his Complaint to include allegations and claims against Dr. Carrell in Count II.  (Docket no. 26.)  Plaintiff included as part of his Motion the eight paragraphs of factual allegations that he intended to add to his Complaint.  (*Id.* at 1-2.)  In his Amended Complaint, however, Plaintiff changes the factual allegations that he initially proposed, and he modifies his Statement of Claims in Count II to add state-law claims.  As noted previously, the Court has not approved these amendments, and to the extent that they change Plaintiff's claims against the existing Defendants, Plaintiff's amendments are inappropriate.  Therefore, the Court will, again, strike Plaintiff's Amended Complaint [49].  Plaintiff must file a proper Amended Complaint no later than

3

September 21, 2015. This Amended Complaint must be consistent with the proposed amendments in Plaintiff's initial Motion to Amend and the Court's May 12, 2015 Order. (Docket nos. 26 and 33.)

**IT IS THEREFORE ORDERED** that Plaintiff's Amended Complaint [49] is stricken from the docket in this matter.

**IT IS FURTHER ORDERED** that an appropriate Amended Complaint must be filed by **September 21, 2015**. The Court will rule on Plaintiff's Motion to Serve upon receipt of the Amended Complaint.

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: August 31, 2015            s/ Mona K. Majzoub
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Plaintiff Kenneth Williams and Counsel of Record on this date.

Dated: August 31, 2015            s/ Lisa C. Bartlett
                                   Case Manager