**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**KENNETH WILLIAMS,**

    Plaintiff,                                      CIVIL ACTION NO. 14-12755

vs.                                            DISTRICT JUDGE MARIANNE O. BATTANI

                                                  MAGISTRATE JUDGE MONA K. MAJZOUB

**THOMAS BIRKETT, et al.,**

    Defendants.

_____/

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO COMPEL [32]**

**I.    Background**

Plaintiff Kenneth Williams, currently a prisoner at the Carson City Correctional Facility (CCF) in Carson City, Michigan, filed this action under 42 U.S.C. §§ 1983 against Defendants Thomas Birkett (Warden of the Central Michigan Correctional Facility (STF)), Patricia Caruso (former director of the MDOC), E. Balcarcel (Deputy Warden at STF), Valsicol Chemical Corporation (owner of a chemical plant located in St. Louis, MI), Jennifer Granholm (former Governor of the State of Michigan), R. Pung (a Resident Unit Manager at STF), the Michigan Department of Corrections, Dr. Scott Holmes (a physician at CCF), Victoria Merren (a PA at CCF), and Corizon Health.[1] (Docket no. 1.) Plaintiff alleges through his Count I that while he was incarcerated at STF, Defendant Birkett and former Defendants Balcarcel and Pung violated

---

[1] On October 15, 2014, the Court dismissed Defendants MDOC, Valsicol Chemical Corporation, Patricia Caruso, and Jennifer Granholm under 28 U.S.C. § 1915(e)(2). On August 18, 2015, the Court dismissed Plaintiff's claims against Defendants Balcarcel and Pung. (Docket no. 44.) And on May 12, 2015, the Court granted Plaintiff's Motion to add Dr. Daniel Carrel as a Defendant. (Docket no. 33.) Defendants Birkett and Carrel have not yet been served.

1

his Eighth Amendment rights when he was forced to drink water exposed to contamination caused by former Defendant Valsicol. Plaintiff alleges through his Count II that Defendants Holmes, Merren, Corizon, and Carrel delayed in providing him adequate medical care related to a tumor on his leg, also in violation of the Eighth Amendment.

In February 2015, Defendants Holmes, Merren, and Corizon asked Plaintiff to authorize the release of his medical records from the MDOC; Defendants sought records from 2009 through the date of their request. (*See* docket no. 32-2.) Plaintiff refused, arguing that the records were unrelated to Plaintiff's claims. (*See* docket no. 32-3.) Before the Court is Defendants' Motion to Compel the same. (Docket no. 32.) Plaintiff filed a Response (docket no. 35), and Defendants filed a Reply (docket no. 36). All pretrial matters have been referred to the undersigned for consideration. (Docket no. 11.) The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). The Motion is now ready for ruling.

**II. Analysis**

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). Parties may obtain discovery on any matter that is not privileged and is relevant to any party's claim or defense if it is reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. But the scope of discovery is not unlimited. "District courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v.*

2

*Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

Rule 34 allows a party to serve requests for production of documents on an opposing party. Fed. R. Civ. P. 34. A party receiving such a request has thirty days to respond with answers or objections. Fed. R. Civ. P. 34(b)(2)(A). If the party receiving discovery requests under the Rules fails to respond properly, Rule 37 provides the party who sent the discovery with the means to file a motion to compel. Fed. R. Civ. P. 37(a)(3)(B). If a court grants a Rule 37 motion to compel, then the court must award reasonable expenses and attorney's fees to the successful party, unless the successful party did not confer in good faith before the motion, the opposing party's position was substantially justified, or other circumstances would make an award unjust. Fed. R. Civ. P. 37(A)(5)(a).

Under MDOC Policy Directive 3.04.108Q, prisoner "[h]ealth information shall be released only upon the prisoner's written authorization or a court order." P.D. 3.04.108Q. Because Plaintiff has refused to sign such an authorization, Defendants ask the Court to order Plaintiff to do so. (*See* docket no. 32.) Plaintiff argues that the information is not relevant because his claims against Defendants only allege that his treatment was delayed, and "nothing in Plaintiff's health records . . . can be used to refute these facts." (Docket no. 35 at 2.) Plaintiff offers to authorize the release of his medical records since 2013, but Defendant argues that the information from before 2013 is relevant to show other possible causes of his injury. (Docket no. 36 at 4.)

As Defendant notes, the Court has addressed this issue before:

> . . . I [am] persuaded that the CMS defendants are entitled to the information sought. To begin, "the federal courts do not recognize a federal physician-patient privilege," *Hancock*, 958 F.2d at 1373. Also, based upon the medical claims asserted in the compliant, the information requested is relevant under Fed.R.Civ.P. 26(b)(1). In the absence of a response from plaintiff asserting why there should be a limitation on the disclosure of his medical records, I agree with the CMS

3

> defendants that "[b]y raising issues of denial of access to appropriate medical treatment by Defendants, Plaintiff has clearly placed into contest all of his medical history, especially when Plaintiff cites a specific condition which he claims is not being properly treated." Doc. Ent. 82 at 18. In other words, as the CMS defendants state, "Plaintiff's allegations bring his physical condition and medical records into question and make Plaintiff's health records a legitimate source of inquiry and investigation into the factual basis of his claims." Doc. Ent. 82 at 19.
>
> Finally, I agree that "[w]ithout the ability to verify any alleged treatment, or lack thereof, counsel is hampered severely in the investigation of the basis of Plaintiff's claims and discovery in this case." Doc. Ent. 82 at 20.

*Davis v. Caruso*, No. 07-11740, 2009 WL 931165, at *5 (E.D. Mich., Mar. 31, 2009) (Komives, M.J.) (footnote omitted). Plaintiff has provided no reason for the Court to decide otherwise in this matter. By alleging that Defendants violated his Eighth Amendment rights by failing to provide constitutionally adequate medical care, Plaintiff has placed his medical record squarely at issue. Thus, Defendants are entitled to review the same. Therefore, the Court will order Plaintiff to execute an authorization to release his medical records.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Compel [32] is **GRANTED.** Plaintiff' is ordered to execute an authorization releasing his medical records to Defendants within 14 days.

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: September 14, 2015  s/ Mona K. Majzoub
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

      I hereby certify that a copy of this Report and Recommendation was served on counsel of record and on Plaintiff Kenneth Williams on this date.

Dated: September 14, 2015          <u>s/ Lisa C. Bartlett</u>
                                                       Case Manager